Johnston, Ch.,
delivered the opinion of the Court.
The decree appealed from, was made by myself on a report by the Commissioner upon the accounts of an administrator, and exceptions thereto. By the report, the administrator was charged with the funds in his hands, allowing proper credits, and calculating simple interest in the ordinary mode, without annual rests.
The decree allowed the administrator ten per cent, commissions on the interest part of the account, and the appeal alleges that this allowance was erroneous.
The statute upon the subject is that of 1789, (P. L. 495; 5 Stat. 112,) the 29th section of which is as follows: “every executor or administrator shall, for his” “trouble and attendance in the execution of” his “duties, take,” “or retain in his” “ hands, a sum not exceeding the sum of 50 shillings for every 100 pounds which he” “shall receive, and the sum of 50 shillings for every 100 pounds which he” “shall pay away, in credits, debts, legacies, or otherwise, during the course of” “ administration ; and so, in proportion, for any” “sums less than 100 pounds. Provided, that no executor or administrator shall, for his” “trouble in letting out any moneys upon interest, and again receiving the same, be entitled to take or retain any sum exceeding 20 shillings, for every 10 pounds, for all sums arising by moneys let out to interest; and in like proportion for a larger or lesser sum.”
*17 In Taveau vs. Ball, (1 McC. Ch. 462,) it was held that an executor was entitled to two and a half per cent, for receiving money; ten per cent, upon the interest made by him on it; and two and a half on the capital and interest finally paid over by him to the party entitled.
In Wright vs. Wright, (2 McC. Ch. 196,) it was held that the executor is entitled to ten per cent., on interest, only when the interest is made by letting out money and receiving it in annually, by which it is made an accumulating fund, or when the executor suffers it to accumulate in like manner in his own hands. This decision must be taken as a modification of the judgment in Taveau vs. Ball.
In Massey vs. Massey, (2 Hill Ch. 495,) where the claim was for two and a half per cent, in addition to ten per cent, for interest made, the claim was overruled, which was sufficient for that case ; but the Chancellor proceeded to give his interpretation of the statute, which was, that two and a half per cent, was allowed for letting out to interest, and two and a half for taking in again, until the commissions amounted to ten per cent, on the interest made, at which, as a maximum, the commissions on interest must stop.
It is sufficient for this case, however, that by the decision in Wright vs. Wright, limiting the previous case of Taveau vs. Ball, ten per cent, cannot be allowed on the interest; inasmuch as it was not made an annually accumulating fund; and that the administrator is only entitled to two and a half per cent, for receiving, and two and a half per cent, for paying it away, (in other words to five per cent, on the interest.)
It is ordered, that the decree and the report be reformed accordingly.
DunkiN and DahgaN, CC., concurred,

Decree reformed.